UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH WILLIAM SULLIVAN,<br><br>  Plaintiff<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>  Defendants | Case No.: 3:23-cv-00409-ART-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos, 1, 1-1, 1-2 |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff, who is an inmate in custody of the Nevada Department of Corrections (NDOC), has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1). Plaintiff has also filed a motion for appointment of counsel. (ECF No. 1-2.)

For the reasons stated below, it is recommended that: Plaintiff's IFP application be granted, but that Plaintiff be required to pay an initial partial filing fee and pay the remainder over time; Plaintiff's motion for appointment of counsel be denied; and that Plaintiff's complaint be dismissed with prejudice.

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $8, and his average monthly deposits were $80.83.

Plaintiff's application to proceed IFP should be granted. Plaintiff is required to pay an initial partial filing fee in the amount of $16.17 (20 percent of $80.83). Thereafter, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a

complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

The caption of Plaintiff's complaint names as defendants the State of Nevada, Washoe County District Attorney's Office, Deputy District Attorney (DA) Kevin Naughton, Washoe

4

County, and Nevada Attorney General Aaron Ford. The complaint later lists Patricia LeRude[1], the Clerk of Court for the Second Judicial District Court, as a defendant. (ECF No. 1-1 at 1-2.)

Plaintiff alleges that after his criminal conviction, he filed a state habeas petition and motion for appointment of counsel in the Second Judicial District Court for Washoe County, Nevada (Case No. CR18-0427). The Washoe County District Attorney's Office, through Deputy District Attorney (DA) Kevin Naughton, opposed the petition and motion for appointment of counsel. The motion for appointment of counsel was ultimately denied by trial court Judge Barry Breslow. Plaintiff appealed the denial of the motion for appointment of counsel. The appellate court ruled that the district court erred in denying the motion for appointment of counsel and remanded the matter to the trial court. Plaintiff has now been appointed counsel.

Plaintiff believes that his rights were violated when he was denied the appointment of counsel.

The court takes Judicial Notice of the fact that Plaintiff is currently represented by counsel in his post-conviction proceedings, which include a second habeas petition. *See* Second Judicial District Case No. CR 18-0427 (Dkt. No. 21, May 23, 2023).

**C. Analysis**

    **1. Access to Courts**

Plaintiff's complaint includes an allegation that he was unable to access the prison law library and as such, he should have been appointed counsel in connection with his habeas proceeding.

---

[1] The court takes judicial notice of the fact that the correct name of the Clerk of Court is Alicia Lerud. See https://www.washoecourts.com/Main/OrgChart, last visited September 13, 2023.

To the extent Plaintiff asserts a claim for denial of his right to access the courts, the claim should be dismissed with prejudice. While inmates have a constitutional right of access to the courts, the inmate must establish he or she suffered an actual injury: that he was unable to file a nonfrivolous direct criminal appeal, a habeas petition or civil rights action. *See Lewis v. Casey*, 518 U.S. 343, 346, 353 n. 3 (1996); *Nasby v. Nevada*, --- F.4th ---, 2023 WL 5315112, at *3-5 (9th Cir. 2023).

Plaintiff was able to file his post-conviction petition and has not suffered actual injury. While he was initially denied counsel, this was remedied by the appellate court, and he has filed a second petition. Therefore, this claim must be dismissed with prejudice.

**2. The State of Nevada**

The Eleventh Amendment states: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. Absent a state waiver, the Eleventh Amendment protects states from suits brought in federal courts by her own citizens as well as by citizens of another state. *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). 42 U.S.C. § 1983 does not constitute an abrogation of a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338-40 (1979). Absent waiver, a state is not subject to suit under Section 1983. *Id.*; *see also Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The State of Nevada has not waived its immunity to suit under the Eleventh Amendment. Nev. Rev. Stat. 41.031(3). Thus, Plaintiff's claims against the State of Nevada must be dismissed.

Plaintiff does not specifically name the Second Judicial District Court as a defendant; however, to the extent his complaint can be construed as attempting to assert a claim against the

court, while the court sits in Washoe County, it is a State court created pursuant to Article 6, Section 1 of the Nevada Constitution, and is similarly entitled to Eleventh Amendment immunity. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

### 3. Washoe County/Washoe County District Attorney's Office

The Washoe County District Attorney's Office is a department of Washoe County, which cannot be sued without statutory authorization, which the State of Nevada has not provided. *See Wayment v. Holmes*, 912 P.2d 816, 819, 112 Nev. 232, 238 (Nev. 1996) (concluding the "Washoe County District Attorney's office is not a suable entity because it is a department of Washoe County, not a political subdivision" and noting the State has not waived immunity on behalf of its departments of political subdivisions so the District Attorney's Office has not been conferred the power to sue or be sued).

While Washoe County *might* be a proper defendant, municipalities, such as a county, can be liable for the infringement of constitutional rights only under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978). "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). A municipality may not, however, be sued under a *respondeat superior* theory because it employed an alleged wrongdoer. *Id*. at 603. "A plaintiff must therefore show *deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Id*. (citation and quotation marks omitted, emphasis original).

1        "To impose liability on a municipality under Section 1983, a plaintiff must prove: "(1) [the plaintiff] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange,* 6 F.4th 961, 973 (9th Cir. 2021) (*Gordon II*) (internal quotation marks and citation omitted).

       Plaintiff's claim is based on the Deputy DA opposing his motion for appointment of counsel, and the trial judge denying his motion for appointment of counsel. These are specific actions taken by these individuals. His claim is not clearly based on any policy or custom of the county. Therefore, Washoe County should be dismissed with prejudice.

### 4. Deputy District Attorney Kevin Naughton

       State prosecutors are absolutely immune from liability under section 1983 when performing functions "intimately associated with the judicial phase of the criminal process," or phrased differently, "when performing the traditional functions of an advocate." *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997)).

       Here, Plaintiff's allegations concern conduct undertaken by Deputy DA Naughton in his role as an advocate for the state during the criminal process. Therefore, Deputy DA Naughton is entitled to absolute immunity and should be dismissed from this action with prejudice.

### 5. Second Judicial District Court Clerk of Court Alicia Lerud

       The Clerk of Court is entitled to absolute quasi-judicial immunity for acts conducted that are integral to the judicial process, such as is alleged here. *See Mullis v. U.S. Bankruptcy Court*

*for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). Therefore, Alicia Lerud should be dismissed with prejudice from this action.

### 6. Nevada Attorney General Aaron Ford

Plaintiff alleges that Attorney General Aaron Ford instructed NDOC to prevent Plaintiff and other inmates at the prison from being able to access the law library. It appears that Plaintiff is attempting to assert an access to the courts claim against Attorney General Ford. However, the court has already determined that Plaintiff has not demonstrated actual injury. Therefore, Attorney General Ford should be dismissed from this action with prejudice.

### 7. Judge Barry Breslow

Plaintiff does not name Judge Breslow as a defendant. However, to the extent his complaint can be interpreted to state a claim against Judge Breslow for denying the motion for appointment of counsel, Judge Breslow is entitled to absolute judicial immunity. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002).

## IV. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff asserts that counsel is necessary because he is challenging the law library system at Southern Desert Correctional Center (SDCC) in another lawsuit, and the Ninth Circuit has previously found the paging system utilized there deficient.

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In

"determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

Plaintiff has not demonstrated exceptional circumstances that justify the appointment of counsel in this case. The court has found that the claims and defendants in this action should be dismissed, and therefore, that he is not likely to succeed on the merits. Therefore, Plaintiff's motion should be denied.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1); however, Plaintiff is required to pay, through NDOC, an initial partial filing fee in the amount of $16.17, within thirty days of the entry of any order adopting and accepting this Report and Recommendation. Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even though it is being recommended that the action be dismissed. The Clerk should be directed to **SEND** a copy of any order adopting and accepting this Report and Recommendation to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, Nevada 89702.

(2) The motion for appointment of counsel (ECF No. 1-2) should be **DENIED**.

(3) The complaint (ECF No. 1-1) should be **FILED**.

(4) The action should be **DISMISSED WITH PREJUDICE**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: September 13, 2023

_____
Craig S. Denney
United States Magistrate Judge